UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTINE M. BLAIS, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:18-cv-00512-LEW |
| STATE OF MAINE, | ) ) ) | |
| Defendant | ) | |

**DECISION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Christine M. Blais, brings this action against the Defendant, State of Maine, seeking to challenge the constitutionality of 39-A M.R.S. § 221(3)(A), as it was amended by L.D. 949. Compl. (ECF No. 1). The matter is before me on the State of Maine's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Mot. Dismiss (ECF No. 10).

**DISCUSSION**

Plaintiff, proceeding in *forma pauperis*, asserts that a law passed in 2013, L.D. 949, "was written in an unequal and discriminating manner" which, she avers, "violates the United States Constitution's guarantee of 'Equal Protection and Justice under the law.'"[1] Compl., 3. As a result of the passage of L.D. 949, Plaintiff's weekly workers'

---

[1] L.D. 949, "An Act To Ensure the Proportional Offset against Retirement Benefits of Workers' Compensation Awards," was passed in 2013 and modified an employer's ability to reduce workers' compensation benefits. L.D. 949 (126th Legis. 2013).

compensation benefits have been reduced and she seeks reimbursement of the benefits denied to her as well as an order reinstating her original weekly benefit amount. *Id.* As clarified in her Response, (ECF No. 12, #47), the crux of her argument is that her equal protection and due process rights have been violated – a claim which is traditionally asserted through 42 U.S.C. § 1983. *See Cruz-Erazo v. Rivera-Montanez*, 212 F.3d 617, 621 (1st Cir. 2000) ("[Section] 1983 … provides a cause of action by which individuals may seek [relief] for governmental violations of rights protected by federal law.").

Defendant seeks dismissal pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction on sovereign immunity grounds. Mot. Dismiss, 3. A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure "raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (citation and quotation marks omitted). As a general rule, "courts must adjudicate plausible challenges to their jurisdiction prior to adjudicating the merits of a case." *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgmt.*, 644 F.3d 5, 10 (1st Cir. 2011). Because sovereign immunity is "a limitation on the federal court's judicial power," I will not address the substance of Plaintiff's case and will instead consider Defendant's assertion of sovereign immunity. *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998).

The doctrine of sovereign immunity is grounded in the Supreme Court's interpretation of the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 728–29 (1999) ("The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle."). Under the principle of sovereign immunity, unless a state

affirmatively waives Eleventh Amendment protections and consents to suit in federal court, it is "immune from suit brought by a private party, regardless of the nature of the relief sought." *DeCotiis v. Whittemore*, 842 F. Supp. 2d 354, 364 (D. Me. 2012); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). To be clear – this immunity insulates a state from suit in federal court "on any claim, whether based in federal or state law." *Walker v. Nichols*, No. 1:13-CV-00259-GZS, 2013 WL 6018614, at *3 (D. Me. Nov. 13, 2013). It also protects a state from a suit filed in federal court by one of its own citizens. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002) ("The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." (internal citations omitted)).

The named defendant in this case, the State of Maine, is unquestionably entitled to assert the Eleventh Amendment's bar against federal court proceedings.[2] Furthermore, as the State asserts, and the Plaintiff does not contest, the State of Maine has not waived its entitlement to sovereign immunity. Eleventh Amendment immunity can be waived in three narrow circumstances: "(1) by a clear declaration that it intends to submit itself to the jurisdiction of a federal court or administrative proceeding, (2) by consent to or participation in a federal program for which waiver of immunity is an express condition, or (3) by affirmative conduct in litigation." *New Hampshire v. Ramsey*, 366 F.3d 1, 15 (1st Cir. 2004) (internal citations omitted). The State of Maine has not affirmatively consented

---

[2] Although not raised by the parties, I note that the Eleventh Amendment does not bar an action against a state official for injunctive relief, provided the officer is responsible for the alleged deprivation, and the deprivation implicates the claimant's federal rights. *See Ex parte Young*, 209 U.S. 123 (1908). However, this doctrine is inapplicable to the instant case as, even under a generous reading of Plaintiff's complaint, she has not asserted her claim against an appropriate state official or requested leave to do so.

3

– whether by clear declaration or by participation in a program requiring waiver – to suit in federal court for claims arising from alleged violations of an individual's federally-protected constitutional rights.[3] *See* 5 M.R.S. § 4682; 14 M.R.S. § 8118. This refusal to waive sovereign immunity[4] or submit to the jurisdiction of this court has been reaffirmed by the State's litigation conduct: the State filed this motion explicitly asserting its sovereign immunity and contesting jurisdiction. *See Ramos-Pinero v. Puerto Rico*, 453 F.3d 48, 52 (1st Cir. 2006) (concluding that "[f]iling a motion to dismiss that specifically asserts Eleventh Amendment immunity" can hardly be viewed as an act that "evince[s] a clear choice to submit [the state's] rights for adjudication by the federal courts" (citation and quotation marks omitted)).

## CONCLUSION

While I am sympathetic to the hardship this change in legislation has wrought on Plaintiff, absent an appropriate claim involving deprivation of a federal right asserted against an appropriate defendant, my role is necessarily limited. As commented by the Seventh Circuit:

---

[3] However, even if the State had waived its sovereign immunity, Plaintiff would in any event fail to state a claim for relief under 42 U.S.C. § 1983 against the State. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 71 (1989) (holding that "a State nor its officials acting in their official capacities are 'persons' under § 1983" and confirming that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"); *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

[4] The state's "general waiver of sovereign immunity" subjecting it to suit in Superior Court – for example, under the Maine Civil Rights Act, 5 M.R.S. § 4682(2), and the Maine Tort Claims Act, 14 M.R.S. § 8106 – is "not enough to waive the immunity guaranteed by the Eleventh Amendment." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). As stated by the Supreme Court, "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999).

4

> It is not [a] court's function to decide what the law ought to be, but rather to construe and apply the law as the legislature has enacted it . . . . It is the role of the legislature to evaluate the public policy considerations regarding the wisdom of a statute, just as it is its role to cure unfairness of a statute, if any.

*Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1093 (7th Cir. 1999) (citation omitted).

I, therefore, **GRANT** Defendant's Motion to Dismiss (ECF No. 10) and dismiss the claim against the State of Maine for lack of jurisdiction.[5]

**SO ORDERED.**

**Dated this 20th day of June, 2019.**

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See Brait Builders Corp. v. Massachusetts*, *Div. of Capital Asset Mgmt.*, 644 F.3d 5, 12 (1st Cir. 2011).